Dong v. Barr

BIA
Poczter, IJ
A208 926 041

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand twenty.

PRESENT:
>         JOHN M. WALKER, JR.,
>         DENNIS JACOBS,
>         JOSEPH F. BIANCO,
>                 *Circuit Judges.*

_____

SHENGLIN DONG,
>         *Petitioner,*

>         v.                                    18-1704
>                                               NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:            Yok-seung Chiu, Esq., Law Office of John Yong, PC, New York, NY.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel;

Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shenglin Dong, a native and citizen of the People's Republic of China, seeks review of a May 25, 2018 decision of the BIA affirming a June 14, 2017 decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shenglin Dong*, No. A 208 926 041 (B.I.A. May 25, 2018), *aff'g* No. A 208 926 041 (Immig. Ct. N.Y.C. June 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency may, "[c]onsidering the totality of the

2

circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination is supported by substantial evidence.

First, the agency reasonably relied on an inconsistency between Dong's testimony and written statement regarding whether the January 2016 underground church service where he was arrested was the first religious gathering he had attended. Although Dong's explanation that he believed that his attorney was asking about the first service that was raided by the police is plausible, the agency's conclusion that Dong understood the question and became confused about the timeline of alleged events in a manner that undermined

3

his credibility is also a reasonable interpretation, and "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). The agency also reasonably concluded that this inconsistency was significant in the totality of the circumstances because it involved the timeline of events for Dong's claim, which was based on his practice of Christianity during a brief period from November 2015 to February 2016. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency regarding basis of applicant's asylum claim is substantial evidence for adverse credibility determination).

Second, the agency reasonably relied on significant omissions from Dong's written statement and a letter from his mother. *See Hong Fei Gao*, 891 F.3d at 81 (noting that "an omission by a third party may form a basis for an adverse credibility determination"). In his written statement, Dong claimed the police required him to report back for supervision following his arrest and that his parents warned him that the

4

police would harm him if he returned because he had failed to report.  During his testimony, Dong added that his mother had told him that the police had "frequently" come to her home looking for him after he left China because he had not reported as required.  Certified Administrative Record ("CAR") at 13.  The letter from Dong's mother did not mention the reporting requirement or the repeated police visits to her home.  While Dong is correct that these omissions did not directly contradict his testimony, the agency reasonably concluded that these omissions undermined credibility because they involved facts that Dong and his mother would reasonably have been expected to include.  *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").  Dong did not provide a compelling explanation for these omissions.  *See Majidi*, 430 F.3d at 80.

Third, the agency reasonably concluded that the absence of reliable corroborating evidence further undermined Dong's credibility.  An asylum applicant's failure to corroborate his testimony may bear on his credibility "because the absence of corroboration in general makes an applicant unable to

rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, none of the documentary evidence corroborated Dong's testimony that he was required to report to the police after being released from detention, or that the police went to his family home looking for him.

Finally, on appeal to the BIA, Dong argued that some of the discrepancies and omissions in the evidence were attributable to his prior attorney, who asked "confusing" questions on direct examination and failed to advise him to supplement his statement. CAR at 4. The BIA reasonably rejected this argument because Dong bore the burden to establish that he was eligible for relief and he did not comply with any of the procedural requirements for a claim of ineffective assistance of counsel. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1229a(c)(4)(A); *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988) (setting forth procedural requirements for ineffective assistance of counsel claims); *see also Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46–47 (2d Cir. 2005) (failure to substantially comply with *Lozada* requirements constitutes forfeiture of an ineffective assistance claim). Moreover, the transcript does

not support his claim that the question of whether he had attended church services before his arrest was misleading.

Because all of Dong's claims rested on the same discredited testimony, the agency's adverse credibility determination is dispositive of all forms of relief, and we do not reach the agency's alternative holding that, even assuming the credibility of Dong's practice of Christianity in the United States, he did not carry his burden to demonstrate a well-founded fear of future persecution based on that practice. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7